THE STATE OF MISSOURI, Respondent, v. FRANCIS WHITTA-
KER, Appellant.

*Merchant.*—A merchant, under the statute, is a person who deals in the selling
of goods, wares and merchandise, at any store, stand, or place occupied for
that purpose. It is immaterial if the defendant, by his labor, changed the
form of the goods sold; if he deal in the selling of the goods at a store, he
is a merchant for the purposes of the act, and must procure a license for
that purpose. (Acts, 1859, p. 53.)

*Appeal from St. Louis Criminal Court.*

*S. Voullaire,* for respondent.

1. Has a manufacturer the right to deal in the selling of
goods of his own manufacture, at a store, stand or place oc-
cupied for that purpose, without having a license?

2. Has a manufacturer the right to deal in the selling of
goods of his own manufacture, at a store, stand or place oc-
cupied for that purpose, without having a license, said store,
stand or place being also the place where said goods are
manufactured?

Which two propositions are resolved into one, viz: Is he a
merchant as designated by the law of the State? (Laws
of 1859, p. 53.)

Section 1st of the law of 1859 says: "Every person, or co-
partnership of persons, who shall deal in the selling of goods,
wares and merchandise, at any store, stand or place occupied
for that purpose, is declared to be a merchant." From this
it will be noticed that the statute has given a specific and
different definition to the term "merchant" than is generally
understood by the name; for a merchant is defined in the
books to be "one whose business is to buy and sell merchan-
dise," and it applies to all persons who habitually trade in
merchandise. (2 Bouv. Law Dic. 132, "Merchant"; 2 Salk.
445.)

Under our statute, if a person, 1st, deals in the selling of
goods, and, 2d, occupies a place for that purpose, he is a
merchant, no matter where the goods are from—whether

they belong to him, are his own manufacture or making, or bought by him for the purpose of sale. And, very wisely, our statute makes no difference between him who manufactures his own goods and sells them at a place occupied for that purpose, and him who simply buys goods from manufactories of others and sells them; because the manufacturer is not taxed upon the raw material, or upon his privilege to manufacture, but simply pays a tax upon his establishment as upon any real estate. (2 R. C. 1855, p. 1322–3.) Now, if a person deals in the selling of goods, &c., at any place, whether it be the place where said goods are manufactured, or the place for which they are brought for sale, he thereby occupies that place for the purpose of selling them; all of which can be done under one roof. (State v. North & Scott, 27 Mo. 464.)

*Knox & Smith*, for appellant.

BATES, Judge, delivered the opinion of the court.

At the July term, 1860, of the St. Louis Criminal Court, the defendant was indicted for dealing as a merchant in the selling of goods, by selling one thousand hams, which were not unmanufactured articles, the growth or produce of this or any other State, at a place occupied by the defendant for that purpose, without having a license therefor. At the trial, it appeared that defendant was a pork-packer; that he purchased hogs and cut them up and cured hams, some of which he habitually sold at his place of business in St. Louis, and others he shipped to other markets for sale.

The defendant asked the following instruction, which was refused by the court:

"If it is shown by the evidence that the defendant was, at the time alleged in the indictment, a pork-packer, and that in carrying on his business he purchased hogs, alive or slaughtered, or both, and also purchased hams in an uncured or unmanufactured state, and cut up said hogs so purchased and cured hams therefrom, and cured the hams purchased in an uncured state, and, in his usual business as pork-packer

and curer of hams, incidentally sold hams thus cured or manufactured at a store, stand or place occupied for the purpose of pork-packing, without having obtained a merchant's license, then said act of selling such manufactured articles is not unlawful, and the defendant cannot on that account be convicted of the charge contained in the indictment."

The essence of the offence charged is the dealing as a merchant without a license. The single act of selling one or more articles would not constitute the offence. (State v. Cox, 32 Mo. 566.) In this case it appears that selling hams was a part of the regular business of defendant.

The statute defines a merchant to be a person who deals in the selling of goods, wares, and merchandise, at any store, stand or place occupied for that purpose. We cannot go beyond the statute to find any other definition of a merchant.

It is immaterial that the defendant, by his labor, changed the form of the goods sold. If he dealt in selling them at a store, stand or place occupied for that purpose, he is a merchant (for the purpose of this act); and it is also immaterial that the store, stand or place may have been also occupied for some other purpose.

Judgment affirmed. Judges Bay and Dryden concur.