State v. West.

————

THE STATE OF MISSOURI, Respondent, *v.* GEORGE W. WEST, Appellant.

*Merchants—Revenue.*—A tailor who keeps cloths, &c., which he makes up into clothing only for the personal use of his customers, is not a merchant, and is not required to take out a merchant's license. (Acts 1859, p. 58, § 1, 6.)

*Appeal from St. Louis Criminal Court.*

*Wood* and *Mauro,* for appellant.

The indictment does not charge the defendant with deal-

ing in the selling of cloths, cassimeres, and vestings; and the court below by instruction excluded from consideration all evidence tending to show the dealing as a merchant by the selling of those commodities. The indictment simply charges the defendant with dealing as a merchant by selling " one coat, one pair of pants, and one vest," to divers persons unknown; and the question is, whether the facts as developed by the agreed case show such a dealing in those articles as constitute him a merchant within the meaning of " An act to tax and license merchants," approved March 14, 1859. (Sess. Acts 1859, p. 53.)

We do not contend that if the defendant had kept on hand a stock of coats, pants, and vests, and sold or offered them for sale at a store, stand, or place kept for that purpose, that he would not have been a merchant within the meaning of the act, merely because he himself manufactured the articles so dealt in. That proposition has already been disposed of by this court, and as we believe correctly. (State v. Whittaker, 33 Mo. 457.) The act defines a merchant to be one who deals in the selling of goods, wares, and merchandise at a store, stand, or place for that purpose. This differs materially from the common understanding of the term merchant. The party must deal, that is to say, traffic or trade in the selling of goods, wares, and merchandise. He must have the goods with which to deal in the selling, he must be prepared to sell when purchasers offer to buy, and it must be done at a store, stand, or place kept for the purpose. A man cannot with reason be said to deal in the selling of particular articles, when in point of fact, from one year's end to the other, he has not a single article of the kind on hand subject to sale.

The whole course of legislation in this State shows that a stock in trade is essentially necessary to dealing in the selling of goods, wares, and merchandise, so as to constitute a merchant. Since the year 1820 the same definition of the term merchant has prevailed ; yet each act passed seems to contemplate the necessity of a stock in trade, without which

the act would be inoperative. Thus by the act of 1825 the tax upon merchant licenses are predicated upon a complete statement in writing of all goods received at the store, stand, or place for sale. (R. C. 1825, p. 531.) The law of 1829 provides that all merchants shall pay a per centum "upon their whole stock in trade." (2 T. L. 172.) So in other laws the tax is predicated upon an aggregate statement of all goods received for sale. (Acts of 1838–9, p. 82 ; R. C. 1845, p. 739 ; R. C. 1855, p. 1062 ; Acts of 1849, p. 68.) And so it is that in each act the tax to be levied is predicated upon the stock in trade—the amount of stock kept or received for sale—without which no tax could be levied or revenue received. In ascertaining the intention of the Legislature, the whole act is to be taken together and examined. The third section provides that merchants shall pay an *ad valorem* tax upon all goods, &c., in their possession or under their control at any time between the first Monday of March, and the first Monday of June, for sale. The sixth section requires each licensed merchant to file a sworn statement of the greatest amount of goods, &c., which he may have on hand at any one time between the first Monday in March and the first Monday in June, for sale. And yet the facts agreed upon show that the defendant, between these dates, had on hand for sale not a single article of those with which he is charged with so dealing in the selling as to constitute him a merchant.

*S. Voullaire,* for respondent.

There is no difference between the man who buys hogs, cuts them up, and cures hams therefrom, and keeps them for sale at a store, stand, or place occupied for that purpose, and the man who has vestings, cloths, &c., to make therefrom coats, vests, pants, &c., and makes from them coats, vests, pants, &c., for such persons as may order them, and sells the same at a store, stand, or place occupied for that purpose. One by his labor has already changed the form of the article he had on hand into goods he has ready for sale ; the other by his labor changes immediately the form of the article he

State v. West.

has on hand into goods which he sells. (State v. Whittaker, 33 Mo. 457.)

DRYDEN, Judge, delivered the opinion of the court.

The appellant was indicted for dealing as a merchant in the selling of goods, wares, and merchandise, viz., one coat, one pair of pants, and one vest, without having any license therefor continuing in force. The cause was tried by the court without a jury, upon the facts agreed as follows : " It is agreed that, for one year prior to the finding of the indictment in this case, the defendant was a tailor in the city of St. Louis, in St. Louis county ; that during said time he kept on hand, at his place of business in said county, a lot of cloths, cassimeres, and vestings, for the purpose of manufacturing the same into suits of clothes, coats, pants, or vests, as persons might from time to time order them for their own use; that from the material on hand, as aforesaid, various persons selected such as suited them, and ordered the defendant to manufacture the same either into a suit of clothes, or into coats, pants, or vests, for the personal wear of such persons, and the defendant did take the measure of such persons, and did so manufacture the material selected, and deliver the garments to such persons, and charge and receive pay for them when completed — such pay including the price of the goods, and the making of them into said garments. It is further agreed, that, during said time, defendant kept no cloths, cassimeres, or vestings, on hand for sale, nor did he sell or offer any for sale, except as above set forth ; that during said time he did not keep on hand for sale, nor did he sell or offer for sale, any ready-made suits of clothes, or any ready-made coats, pants, or vests, except as before set forth ; and that he did not manufacture any garments whatever for the trade to be sold again, manufacturing only to order, and for the individual wear of the persons having ordered them ; that during said time he did not keep on hand for sale, nor did he sell or offer to sell, any cloths, cassimeres, or vestings, except as hereinbefore set forth ; nor did

he in anywise, except as before stated, deal in the selling of goods, wares, or merchandise, at a store, stand, or place kept by him for that purpose.

Defendant has a sign in front of his store, upon which is printed "merchant tailor," and had no license to deal as a merchant during said time." The court refused to declare the law to be, that, on the facts agreed, the defendant was not a merchant, but found the defendant guilty in manner and form as charged in the indictment, and rendered judgment accordingly. The defendant duly excepted, and has brought the case here by appeal. The act to tax and license merchants, under which the appellant was indicted, defines a merchant to be one " who shall deal in the selling of goods, wares, and merchandise, at any store, stand, or place occupied for that purpose." (Acts of 1859, p. 53, § 1.) The definition implies the presence of stock in trade which, when the party dealing sells, may be presently delivered to the purchaser. (Id. § 6, p. 54.)

To be a merchant in the sense of the law, the dealer must have on hand goods, wares, and merchandise ready for sale and present delivery, and must also actually deal in the selling of the same. One who manufactures and supplies goods alone to the previous order of his customers, although he keeps on hand, but not for sale, the materials from which the manufactured articles are produced, is not a merchant within the meaning of the statute. The facts agreed in this case show that the business of the appellant consisted exclusively in fabricating suits and parts of suits of clothing for his customers, upon their previous orders. He was a manufacturer and not a merchant. The case in its facts and in principle is clearly distinguishable from the State v. Whittaker, 33 Mo. 457.

The court erred in refusing to declare the law as asked, and for this cause the judgment is reversed. The other judges concur.