WISCHMEYER v. RICHARDSON, Appellant.

Division Two, January 23, 1900.

Appeals: PRACTICE: NO EXCEPTIONS: NO INSTRUCTIONS. Where the case is an action at law, and is tried by the court sitting as a jury, and no declarations of law are asked or given, and no exceptions saved to the admission of evidence during the trial, there is nothing for the appellate court to do except to affirm the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Leroy B. Valliant*, Judge.

AFFIRMED.

*J. A. Henderson* and *Lubke & Muench* for appellant.

*Rassieur & Rassieur* for respondent.

In an action at law, although the case is tried by the court sitting as a jury, if no instructions are asked or given, the judgment must be affirmed, if there is substantial evidence in the record to support it. Clark v. Railroad, 127 Mo. 255; Miller v. Breneke, 83 Mo. 163; Hamilton v. Boggess, 63 Mo. 233; Wilson v. Railroad, 46 Mo. 36; Heman v. Handlan, 59 Mo. App. 490; Gentry v. Templeton, 47 Mo. App. 55.

BURGESS, J.—This is an action of replevin without bond by plaintiff as administrator of Gerhard Henry Wischmeyer, deceased, against William C. Richardson, public administrator, in charge of the estate of Anna Eliza Wischmeyer, deceased, to recover the possession of three promissory notes, namely:

A note of C. H. Wischmeyer for $3,000, dated January 21, 1895, payable to the order of Anna Eliza Wischmeyer, now deceased, six months after said date, with interest at six per cent per annum.

A note of G. A. Wischmeyer for $3,000, dated January 21, 1895, payable to the order of said Anna Eliza Wischmeyer twelve months after date, with interest at six per cent per annum.

A note of the German Evangelical St. Jacob's Congregation for $500, dated July 29, 1889, payable to the order of said Anna Eliza Wischmeyer one year after date, with interest at five per cent per annum.

Plaintiff recovered judgment for the two three thousand dollar notes only, or at his election, the value thereof, which the court found to be $6,000, with interest at six per cent per annum, from January 3, 1896, aggregating the sum of $6,338. After unsuccessful motion for a new trial, defendant appeals.

Gerhard H. Wischmeyer died November 25, 1885, leaving a will, by which he gave $25 to each of his children, and the residue of his estate to his widow said Anna Eliza, for and during her life, with remainder over to his children and grandchildren in certain proportions. There was no administration upon his estate at that time, but the widow took possession of all the property, and managed it as her own. At the time of the death of said Gerhard H. Wischmeyer he owned some real property, and a stock of dry goods, which on January 21st following, was inventoried and invoiced at $11,215.86.

On that day the widow sold the stock of dry goods to Casper H. Wischmeyer and Fred Gruer, her son and son-in-

law, for the invoice price; she had no other estate or means whatsoever, excepting what she derived under the will of her husband. The evidence also tends to show that the sale to the son and son-in-law was made by Mrs. Wischmeyer upon the following terms: . They were to pay the $4,000 indebtedness ($3,000 to Knippenberg and $1,000 to Gustave, for which the purchasers gave them their notes) and they paid her $215.86 in cash, and gave her their notes for the balance of the purchase price, $7,000. On July 21, 1886, they reduced their indebtedness to her, by payments to her of $5,500, and each gave her his renewal note for $2,750. On that day Casper H. Wischmeyer and Gruer sold the business to Gustave A. Wischmeyer for $12,000, upon the following terms: They owed him $1,000, which was deducted from the purchase price, and he agreed to pay the $3,000 debt to Knippenberg, and gave them his notes for the balance of the purchase price, $8,000. He reduced this indebtedness by payments out of his own means, eventually paying off Gruer altogether, but still owing his brother $3,000. In the meantime, in 1892, Gruer paid Mrs. Wischmeyer the note for $2,750 which she held against him. It was then arranged between the mother and sons that Casper's note should be surrendered to him, and she should take Gustave's note for $3,000 in its stead; Casper then borrowed $3,000 from his mother, and she gave him the same money which she had received from Gruer. Casper gave her his note for the $3,000 so loaned to him. In this way the two notes described in the petition, and for which plaintiff recovered judgment, were given.

The case was tried by the court, a jury being waived. No declarations of law were asked by either party nor were any made by the court. Nor were any exceptions saved to the admission of evidence during the trial. As was said by PHILIPS, C., in speaking for the court in Miller v. Breneke, 83 Mo. 163: "It is, therefore, manifest that there are no errors presented in this record for this court to review. It has been

repeatedly held that under the present practice act, when the circuit court tries a case like this, sitting as a jury, the Supreme Court will not weigh the evidence, and determine whether or not the finding of the trial court was correct on the evidence. This it will only do in an action in equity, or on an agreed statement of facts. The only way in an action like this, where there are no exceptions to evidence saved at the trial, to have a review of the decision of the lower court, is to ask declarations of law applicable to the facts of the case.   The giving or refusal of instructions is the only way this court can ascertain the theory on which the court tried and determined the matter at issue." The same rule is announced in the following cases:   Weilandy v. Lemuel, 47 Mo. 322; Altum v. Arnold, 27 Mo. 264; Conran v. Sellew, 28 Mo. 320; Wilson v. Railroad, 46 Mo. 36; Harrison v. Bartlett, 51 Mo. 170; Cunningham v. Snow, 82 Mo. 587; Clark v. Railroad, 127 Mo. 255.

The action being one at law, and plaintiff having recovered judgment for the property sued for he was entitled to recover his costs (secs. 2920 and 7492, R. S. 1889), and no error was committed in rendering judgment in his favor therefor.

The judgment is affirmed.   *Gantt, P. J.*, and *Sherwood, J.*, concur.