KANSAS CITY, Respondent, v. O. W. BUTT, Appellant.

88    237
d98   ²594

**Kansas City Court of Appeals, April 1, 1901.**

1. **Definitions: WHOLESALE ICE DEALER: KANSAS CITY.** A wholesale ice dealer, under section 417, of the ordinances of Kansas City, is one who sells ice to other ice dealers.

2. ———: ———: **MANUFACTURERS: KANSAS CITY.** In the commercial world there is a distinction between a wholesale dealer and a manufacturer of which the courts take judicial cognizance, and the charter and ordinances of Kansas City impose a license tax upon a wholesale ice dealer but not on the manufacturer of ice.

3. **Municipal Corporations: WHOLESALE DEALER: MANUFACTURER: ENLARGING POWERS.** The council of a municipal corporation can not, by definition of terms, enlarge its powers, and the meaning of the terms "wholesale dealer" and "manufacturer" will remain a question for the courts. The fact that the manufacturer sells to dealers does not make him a dealer.

Appeal from Jackson County Criminal Court.—*Hon. J. W. Wofford,* Judge.

REVERSED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) If the defendant is held to be an ice dealer; then the ordinance is unconstitutional and void. Kansas City v. Grush, 151 Mo. 128; St. Louis v. Speigel, 75 Mo. 145; St. Louis v. Speigel, 90 Mo. 587. (2) We contend, however, that the defendant was a manufacturer of ice and not an ice dealer, and that no power exists in the municipality to exact a license of a

manufacturer. Kansas City v. Grush, 151 Mo. 134; Kansas City v. Lorber, 64 Mo. App. 604, 608; Trenton v. Clayton, 50 Mo. App. 535; 8 Am. and Eng. Ency. of Law, (2 Ed.) 846; City of Kansas v. Vindquest, 36 Mo. App. 584; Joplin v. Leckie, 78 Mo. App. 13; State v. West, 34 Mo. 424; State v. Chadbourn, 80 N. Car. 479; Taylor v. Vincent, 12 Lea. 282; Oil Co. v. Marrero, 26 So. Rep. 766.

*D. A. Brown* for respondent.

BROADDUS, J.—On information of the city attorney of the plaintiff, the defendant or vice-president and general manager of the Kansas City Ice and Cold Storage Company, a corporation, was tried and convicted for a violation of section 416 and 417 of the ordinances of said city, and his punishment fixed by a fine of $50. From this conviction and fine the appellant has appealed to this court.

It is agreed that the defendant on the fifteenth day of June, 1898, was the manager of Kansas City Ice and Cold Storage Company, a corporation, which at the time owned and operated an ice plant, in Kansas City, Missouri; that defendant, as manager of said corporation, was engaged in the manufacture and production of ice by artificial means; that no place of business, depot or warehouse was kept for the selling of ice, that the entire product of the manufacture was sold in advance of production to the Peoples Ice and Fuel Company, another and distinct corporation; that no wagons for the delivery of ice were kept or employed; that no agents were employed for sale of the ice; that all the manufactured product was at once turned over to the Peoples Ice and Fuel Company and that no ice was purchased from other persons or corporations.

The defendant was convicted for failure to take out license under and in pursuance of sections 416 and 417 of the ordinances of said city. Section 416 requires that every person,

firm or corporation therein described, and every person, firm or occupation, calling or trade therein specified shall procure a license from the city. Among about two hundred occupations mentioned in said section is that of "wholesale ice dealer" for which the license fee is fixed at $100 per year and $15 for each wagon used in the business. Section 417 consists of definitions for words and phrases used in the foregoing section and "a wholesale ice dealer" as defined therein is "one who sells ice to other ice dealers."

The city derives its power to license and tax occupations from section 10 of article 3 of its charter, which, among other occupations, enumerates that of "ice dealers" as subject to that power. Section 440 of said ordinances prescribes the punishment for a failure to take out license as required under said section 416.

The case turns upon what is meant by the term "wholesale ice dealers" as used in the charter and ordinances quoted, and in passing upon this point we can see no difficulty whatever in arriving at what the Legislature meant when it used the term "ice dealers" in the grant of city powers, to Kansas City, to license and tax occupations. By the rule of exclusion alone it precludes the idea that it was contemplated to license and tax manufacturers. An examination of said section 10 of article 3 of said charter discloses the fact that there is no power granted the city to license, tax or regulate manufacturers. The word manufacturers is not used therein. The same is true of ordinance number 416. It is not claimed for a moment that the power to tax manufacturers is granted in said charter. Therefore, if the defendant was a manufacturer and not a dealer, he was not required to obtain license for the purpose of carrying on the business of his company. In the commercial world, the distinction between a wholesale dealer and a manufacturer is well defined and understood and universally recognized, and of this fact the court takes judicial cognizance; and

as so understood and recognized a wholesale dealer is one who buys and sells to other dealers. A manufacturer is one who is enagaged in the process of reducing raw materials to a form for use, by the hands, by art or machinery. The fact that he sells the product at wholesale does not make him a wholesale dealer. Unlike the wholesale dealer who buys and sells to other dealers, he produces and sells.

Ordinance 416 taxes the occupation of wholesale ice dealers, and this ordinance is strictly within the charter powers of the city and the city's power to tax ice dealers can not be denied. It is not to be presumed that the common council by its definition of the term wholesale ice dealer intended to embrace that of a manufacturer of ice, although the definition is somewhat inaccurate and not complete. By said section, said council was at most only attempting to define the different classes of occupations that fell within the grant of the city's charter, and not seeking to enlarge its rights and powers. The city could not enlarge its powers by the use of terms. What the term "wholesale ice dealer" signifies, is a question for the courts. The meaning thereof was fixed when the charter was granted, giving the city the right, among other things, to tax ice dealers whether wholesale or retail.

Every manufacturer of every kind sells to other dealers, because it is an incident to his business, but that, as we have said, does not make him a dealer. The defendant was engaged in manufacturing ice by the aid of chemicals and machinery, and sold the product to dealers in ice, but he did not buy and sell ice to other dealers. He was not in any sense an ice dealer. It is useless to quote authorities upon this question. It would be about as profitable as trying to prove that two and two added together would make four.

The defendant was tried and convicted with scarcely the semblance of authority. Cause reversed and defendant discharged. All concur.