## KANSAS CITY, Appellant, v. FERD HEIM BREW-ING COMPANY, Respondent.

**Kansas City Court of Appeals, March 2, 1903.**

1. **Kansas City Charter: STATUTE: MERCHANT: MANUFACT-URER.** If a manufacturer keeps in stock at a store or stand, etc., articles manufactured by him for sale in the ordinary course of trade, he is a merchant; but if he only manufactures upon order, he is not a merchant; and whether a manufacturer is a merchant or not is a mixed question of law and fact and this ruling is adhered to on motion for new trial. (Cases considered and distinguished.)

ON MOTION FOR REHEARING.

2. **Appellate Practice: INSTRUCTIONS: QUESTIONS FOR RE-VIEW.** Though an appellant may have asked no instructions, such fact will not prevent a review of the case on appeal where the respondent demurred to the case made, which was sustained by the trial court.

3. **Trial Practice: ALLEGATA ET PROBATA: AFFIDAVIT.** Certain complaints about the pleading and the evidence are held to have amounted only to a variance of which respondent failed to avail himself by affidavit as required by the statute.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*A. W. Burnet* for appellant.

(1)    Article 5, section 13, Charter 1898, provides that all property of corporations, etc., shall be assessed as the property of individuals is assessed, etc. If this brewing company carried merchandise for sale, then it was taxable. Revised Charter of Kansas City, 1898, art. 5, sec. 8. The act of the assessor and board is judicial. Black v. McGonnigell, 103 Mo. 192; Lead Co.

v. Simms, 108 Mo. 222; Meyer v. Rosenblatz, 78 Mo. 495; Wyatt v. Hoyt, 123 Mo. 253; State ex rel. v. Springer, 134 Mo. 212; State ex rel. v. Vaile, 122 Mo. 33; State ex rel. v. Bank, 120 Mo. 120; State ex rel. v. Seehorn, 143 Mo. 683.   (2)  The only contention of appellee is, "that under the charter of Kansas City and the Statutes of the State" it is and was not a merchant the years for which said suit is brought.   Revised Charter 1898, art. 5, sec. 8.   To sustain our position we cite: State ex rel. v. Whitaker, 33 Mo. 457; State ex rel. v. West, 34 Mo. 424; s. c., 28 Mo. 565; s. c., 45 Mo. 575. (3)   This is not a privilege or occupation tax, but an ad valorem personal property tax, ascertained on the average value of goods, wares and merchandise for the three months just prior to January 1, of each year, says the court in Kansas City v. Johnson, 72 Mo. 661; Cape Girardeau v. Riley, 72 Mo. 220, and cases cited; Kansas City v. Lorber, 64 Mo. App. 604; Kansas City v. Vinquest, 36 Mo. App. 584.

*Hardin & Taylor* for respondent.

(1)  As the appellant asked no declarations of law, and this being an action at law tried by the court, the appellant is not in position here to have a review of the decision of the lower court.   Wischmeyer v. Richardson, 153 Mo. 556; Clark v. Railroad, 127 Mo. 255; Taylor v. Cayce, 97 Mo. 242; Miller v. Breneke, 83 Mo. 163; Cunningham v. Snow, 82 Mo. 587; Wenzell v. Erath, 48 Mo. App. 476; Wheeler v. McDonald, 77 Mo. App. 213.   (2) No objection was raised in appellant's motion for new trial against respondent's demurrer to the evidence, and it is not before this court for review.   Planing Mill v. Allison, 71 Mo. App. 252; State v. Craig, 79 Mo. App. 412; Brown v. Mays, 80 Mo. App. 81; State ex rel. v. Bank, 144 Mo. 381; State v. Grant, 152 Mo. 57.   (3) But, aside from the above, it is a matter of common knowledge, and one of which the

courts take judicial cognizance, that a brewery is not a merchant, and the city can not tax it as such. Kansas City v. Butt, 88 Mo. App. 237; Kansas City v. Lorber, 64 Mo. App. 608. "A brewer is not a merchant." Josselyn v. Pierson, L. R. 7 Exch. 127; 2 Bouvier Law Dict., "Merchant;" Ex parte Conant, 77 Me. 275; Cooley on Tax, p. 583; Kansas City v. Grush, 151 Mo. Mo. 128; State v. Chadbourn, 80 N. C. 479; s. c., 30 Am. Rep. 94; Kansas City v. Lorber, 64 Mo. App. 608.

BROADDUS, J.—This is a suit of the plaintiff against defendant, a corporation doing business in Kansas City, for merchants' and ad valorem and personal property taxes, for the years 1898, 1899 and 1900. The defendant denied its liability for such tax, on the ground that it was not engaged in the business of a merchant, but that of a manufacturer. The trial court found for defendant and plaintiff appealed.

The case turns upon a proper definition of the term "merchant." By section 78 of article 5 of the charter of Kansas City the word "merchant" when used in such charter, "shall be held to mean and include every person or co-partnership of persons, who shall deal in the selling of goods, wares and merchandise at any store, stand or place occupied for that purpose in Kansas City." Section 8540, Revised Statutes 1899— the same as section 6894, Revised Statutes 1889—defines a merchant as follows: "Every person, corporation or co-partnership of persons who shall deal in the selling of goods, wares and merchandise, including clocks, at any store, stand or place occupied for that purpose, is declared to be a merchant." Substantially, the two definitions are the same. These definitions are somewhat different from that of the common law, and as such, of course, must govern. The question has been adjudicated in this State, the latest of which, under the Constitution, we are bound to follow. The last case that we have been able to find is that of State v. Rich-

eson, 45 Mo. 575, in which it was held "One who manufactures and supplies goods to the previous orders of his customers alone, although he keeps on hand, but not for sale, the materials from which the manufactured articles are produced, is not a merchant within the meaning of the statute." But "In an action by the State against one engaged in the manufacture of white lead, for exercising the trade and business of a 'merchant without license,' the State would make out a prima facie case by showing that defendant, after receiving orders from his customers, filled them the same and succeeding days. The natural inference would be that he kept the articles on hand; and to rebut this inference it was not sufficient to show that he *might* have manufactured the lead after the orders were received, but he should have shown that he did so manufacture it."

In State v. West, 34 Mo. 424, it was held: "To be a merchant in the sense of the law, the dealer must have on hand goods, wares, and merchandise ready for sale and present delivery, and must also actually deal in the selling of the same. One who manufactures and supplies goods alone to the previous order of his customers, although he keeps on hand, but not for sale, the materials from which the manufactured articles are produced, is not a merchant within the meaning of the statute." In State v. Whittaker, 33 Mo. 457, the court held: "A merchant, under the statute, is a person who deals in the selling of goods, wares and merchandise, at any store, stand, or place occupied for that purpose. It is immaterial if the defendant, by his labor, changed the form of the goods sold; if he deal in the selling of the goods at a store, he is a merchant for the purposes of the act." And it was further held that it was "immaterial that the store, stand, or place may have been also occupied for some other purpose."

Vol 98 app—38.

It will be seen by these decisions that a manufacturer may or may not be a merchant within the meaning of the charter and the statute of the State. If he keeps at a store, stand or other place, in stock articles manufactured by him for sale in the ordinary course of trade, he is a merchant. If he only manufactures upon order he is not a merchant. It is therefore a mixed question of law and fact whether a manufacturer is or is not a merchant. There is nothing in the case of Kansas City v. Lorber, 64 Mo. App. 608, in conflict with the ruling here.

In Kansas City v. Butt, 88 Mo. App. 237, the question before the court was different from that involved in this case. It was there held that the defendant was a manufacturer. There, the city was attempting, under its charter and ordinances then in force, to impose an occupation tax on the defendant. The facts showed that defendant was not a dealer in ice but a manufacturer, and that its products were sold before manufacture to one person, the court holding that the charter imposed no such tax upon manufacturers. There, the court was not called upon to distinguish between the common law and the statutory definition of the word "merchant." The question was whether the defendant was a dealer, not whether he was a merchant. It does not follow that because a merchant is a dealer, a dealer is also a merchant. A merchant must have a store, stand, or other place where he sells his goods. A dealer need not have such store, stand, or place to keep and sell his goods. He may buy and sell without such aids to his business. A merchant, under the definition, is not required to be a purchaser; but the dealer, at common law, is both a buyer and seller. The plaintiff city recognized the distinction by imposing an occupation tax on ice dealers and not upon merchants.

We think the court was in error in holding that because the defendant was a manufacturer, as such he

was not a merchant.   For the reason that the question involves the city's revenue, the cause is reversed and remanded to be tried in accordance with this opinion. All concur.

OPINION ON MOTION FOR REHEARING.

BROADDUS, J.—The first ground for rehearing is, that as plaintiff asked no instructions in the trial court, it therefore can not be heard on a question of law, citing Wischmeyer v. Richardson, 153 Mo. 556, and other like cases.   These authorities have no application to the case at bar, for the reason that the respondent offered a declaration which was given by the court that under the pleadings and proof the plaintiff was not entitled to recover.   The giving of this declaration of law sufficiently indicated the theory upon which the cause was tried, and the ruling here is in harmony with the ruling in the cases cited.

The second point relied on is, that the city charter requires that the tax be imposed on goods kept on hand "during the three months next before the first day of January of such year," whereas the petition sues for taxes on goods alleged to have been held on the first day of January.   This statement is true, but the evidence shows that the assessment was duly made.   This objection was raised on the trial at the offer of the plaintiff to introduce evidence that the assessment had been made, but it was overruled and no exception was taken to the ruling of the court; and the assessment and the action of the board of appeals was received in evidence. The assessment and the action of the board of appeals in raising the assessment were judicial acts, and as such were conclusive.   State ex rel. v. Hoyt, 123 Mo. 348. At most there was only a variance by which defendant, if misled, had its remedy under the statute.   Failing to avail itself of the provisions of section 655, Revised Statutes 1899, the variance was waived.

Lastly, defendant asks us to review our decision on the question as to whether the defendant was a merchant within the meaning of the charter, and calls our attention to several authorities on the question, claiming that we have misconstrued the law. We have examined the additional authorities mentioned and are satisfied with the opinion already rendered.

Motion for rehearing overruled. All concur.