## DODGE *versus* SWAZEY & al.

Of items which constitute *payments*, in distinction from *set-offs*.

RICE, J. — In this suit cost alone is in controversy. The plaintiff brought his action, claiming to recover an account of $47,31, for personal services. The account is admitted to be correct.

It is admitted that plaintiff subsequently received from the defendants $10, in cash, and it was proved that one of the defendants paid an order drawn by the plaintiff on one White for $26,06, in favor of Isaac Partridge, which order White had refused to accept. The plaintiff afterwards asked Partridge if Swazey had paid the order, and on being answered in the affirmative, he replied " that it was all right."

The defendants contend that these several sums amount-

ing to $36,06, should be applied in part *payment* of the plaintiff's claim. This the plaintiff controverts, and contends that they are properly evidence in *set-off* and not in payment.

As to the mode of payment it may be by any lawful method agreed upon between the parties, and fully executed. The meaning and intention of the parties, when it can be distinctly known, is to have effect, unless that intention contravene some well established principle of law. This intention is to be ascertained, in ordinary cases, by the jury. 2 Greenl. Ev. § 519.

We think the legitimate inference to be drawn from the situation of the parties and the facts stated, is, that those several sums were intended by them as payment of the plaintiff's claim *pro tanto.* He is therefore to be restricted to quarter costs under the provisions of § 13, c. 151, R. S.

.SHEPLEY, C. J., and TENNEY, HATHAWAY, and APPLETON, J. J., concurred.

*C. Lowell*, for the plaintiff.

*Woodman*, for the defendants.