THOMPSON, Appellant, v. KELLOGG, Respondent.

23  281
127  624

1. In order to constitute a transaction a payment, there must be both a delivery by the holder and an acceptance by the creditor, with the purpose on the part of the former to part with, and of the latter to accept of, the immediate ownership of the thing passed from the one to the other.

*Appeal from St. Louis Court of Common Pleas.*

This was a suit to recover a sum of money alleged to have been paid and delivered to defendant, Kellogg, by one G. De Baun, jr., in satisfaction of a bill of exchange presented by said Kellogg, as notary, to the said De Baun, as the acceptor thereof, for payment. Plaintiff, Thompson, drew his bill of exchange on George De Baun, jr., who accepted the same. Said bill was placed in the hands of defendant, a notary public, to be presented by him for payment at maturity. It was presented at its maturity by the defendant to George De Baun, jr., the acceptor, who, when payment was demanded, uncovered a large quantity of dimes and half dimes lying on a table, and told defendant that there was the money for him. Defendant

went up to the table, put his hand on the money, and in running his hand over it, mixed the coin together somewhat, and said, "I suppose I shall have to take it, and I will go to my office to get bags for it." Defendant then went out and returned in three or four minutes. During this interval, a levy had been made upon the money as the property of George De Baun, jr., under a judgment against him. Defendant again demanded payment of the bill. De Baun told defendant that there was the money; that he had once paid it to defendant. Defendant replied, "I won't receive it; it is in the hands of the sheriff." De Baun told the deputy sheriff, when making the levy, that the money did not belong to him. There was further evidence bearing upon the question of delivery and acceptance of the money, which it is unnecessary to set forth.

The bill was protested for non-payment by the defendant, Kellogg, and the holder returned the bill to plaintiff, the drawer thereof, and made an assignment to plaintiff of whatever cause of action he had against the said Kellogg.

The court gave the following instructions of its own motion : "1. If the jury believe from the evidence that the defendant, as notary, presented the draft in question to De Baun, for payment, and that De Baun offered to the defendant the amount of the draft in dimes and half dimes, the same lying at the time in full view of the parties, and the defendant received the same in immediate satisfaction of the draft; and if the jury further believe that the amount so received by the defendant was demanded of him, as averred in the petition, the jury should find for the plaintiff. 2. If the amount of the draft was tendered to the defendant by De Baun, as aforesaid, and the same was not received by the defendant in immediate satisfaction of the draft; or if any thing remained to be done by defendant, such as counting the money before the defendant would receive the same in satisfaction of the draft, then the jury should find for the defendant. 3. A tender of the money to the defendant was not payment unless he received the same in immediate satisfaction of the draft; and unless there was a

payment of the draft to the defendant, the plaintiff can not recover in this action. 4. In order to make payment of the draft in question, it was not necessary for De Baun to demand possession of the draft, or to get possession of it; but to charge the defendant for money received in payment of the draft, it is necessary to show that he did receive the same in immediate satisfaction of the draft." To the giving of which the plaintiff duly then and there excepted.

The following instruction, asked on the part of plaintiff, was refused by the court : " No. 5. If the jury believe from the evidence that when Kellogg demanded of De Baun payment of the draft in question, De Baun produced, offered and placed under the entire control of Kellogg the amount thereof in money for payment thereof, and that Kellogg thereupon acted in a way to make a man of ordinary sense believe that he had accepted it, and De Baun did so believe and never after interfered with the money or Kellogg's control thereof; and that afterwards, while the matter so stood, some person, pretending to act by virtue of an execution against De Baun, and by the direction, connivance or contrivance of Kellogg, seized and took away the money without the consent of De Baun ; and that Kellogg's purpose, in demanding payment of said draft, was not to get its payment, but to get the money in the condition aforesaid for the purpose of having said person seize it and carry it away,—then they should find that the payment of the draft was made to Kellogg ; and if they further find that plaintiff demanded it of Kellogg before this suit was begun, then they should find for the plaintiff, and allow him the amount of said draft, with interest thereon from the commencement of this suit."

The jury found for the defendant. Plaintiff appealed to this court.

*A. Todd* and *Krum & Harding*, for appellant.

I. Instruction No. 5, asked for in behalf of plaintiff, and refused by the court, should have been given. It supposed facts that show a delivery to the defendant of the money de-

manded, and an acceptance thereof, in fact or by implication of law, by him in payment of the draft, and also that he is estopped from denying an acceptance of it by him in payment of the draft. For what is a sufficient delivery to make an acceptance in law and fact, and to pass title and put the thing delivered at the risk of the person to whom it is delivered, see Kington v. Kington, 11 Mees. & W. 233 ; Chew v. Wooley, 7 J. R. 400 ; 2 Greenl. Ev. § 300, 301 ; 15 Verm. 495 ; 4 Barr, 169. The law does not allow a person to avail himself of his own wrong. The sheriff's act is respondent's act, under the facts stated in this fifth instruction, and that action for money had and received will lie. ( 2 Greenl. Ev. § 120. )

II. Instruction No. 2, given by the court, was erroneous, because, 1st. It implies that the evidence tends to prove a tender only, whereas it tends to prove also a delivery and acceptance. 2d. It implies that the defendant could receive the money tendered for payment without its becoming immediate payment, although it was the full amount ; whereas, if the amount was sufficient, its reception made immediate payment. 3d. It implies that the defendant could receive the money, being the adequate amount tendered him in and for payment, and yet delay its being a payment in fact until he counted it ; whereas, a tender of the adequate amount and its acceptance make immediate payment, although the defendant has the right and may wish to count it, and to do so, would take five minutes or years.

III. Instruction No. 3, given by the court, was erroneous, for the first two reasons stated under the last point.

*Knox & Kellogg*, for respondent.

LEONARD, Judge, delivered the opinion of the court.

This case turned upon the fact of payment, which the jury passed upon under instructions of the court, the propriety of which is the matter submitted to our judgment. Whether the defendant made himself liable to the party interested, by declining to receive the money when it was offered to him, is

another question which is not involved here, and is not at all touched by the judgment now given.

Payment, in its largest sense, is the actual accomplishment of the thing that the party obliges himself *to give*, or *to do*, whatever that may be, although, in our acceptation, it is ordinarily confined to money engagements, and it is therefore the natural manner in which obligations are extinguished. When the obligation is *to give something*, the payment is accomplished when the property in the thing to be given is actually transferred to the creditor; and of course, in order to constitute the transaction a payment, there must be both a delivery by the debtor and an acceptance by the creditor, with the purpose on the part of the former to part from, and of the latter to accept of, the immediate ownership of the thing passed from the one to the other. In a payment, we ordinarily look only to the act of the party making it; but yet its legal import is an act in which the debtor *tenders* and the creditor *accepts* that which is offered. "*Ut itaque solutio fieri posset, necessario requisitur ut utrinsque tam præstantis quam accipientis voluntas concurrat,*" is the definition given in the Roman law, and may be safely adopted as a correct definition of a common law payment.

In our law a tender does not extinguish the debt, but merely discharges the debtor from interest and protects him from an action, if he have ever afterwards been ready to pay, and when sued, pleads the tender accordingly, accompanied with the money due. In other systems of jurisprudence, the debtor, upon an ineffectual offer of payment, may deposit the thing paid in the hands of a third person, under the authority of a court of justice, and thereby extinguish his own liability. This is called a consignation, and Pothier, in his work on obligations, (part 3, chap. 1, art. 8,) says: "It is not properly a payment, for a payment essentially includes a transfer of property in the thing which is paid, whereas it is evident that a consignation does not transfer the thing consigned to the creditor, who can only acquire a property by voluntarily receiving

it. *Dominium non acquisitur nisi corpore et animo.* The effect of a consignation, if it be adjudged to be valid, is that the debtor is thereby absolutely discharged; and although, *subtilitate juris,* he continues to be the owner of the things consigned until they are taken away by the creditor, they are no longer at his risk, but at that of the creditor, who, from being a creditor of a certain amount generally, becomes the creditor of the particular articles that are so consigned, *tanquam certorum corporum;* and he is no longer the creditor of the original debtor, who is entirely liberated, but of the consignatory." (Burge on Suretiship, book 2, ch. 3, sec. 3.)

The general principles of law applicable to the question whether the transaction be a payment or merely a tender, seem to be plain enough, and we do not see that there was any failure on the part of the court to instruct the jury properly upon the subject. What took place, if the full sum were offered, about which no question is raised, undoubtedly constituted a valid tender on the part of the debtor. He had done all that was necessary upon his part, " *corpore et animo,*" in order to make it a valid payment; and the only question was, whether that is also true in reference to the creditor. Admitting that the money was within the physical control of the creditor, the question yet remained whether it was there with intent on his part to keep it as owner, which was necessary in order to make it presently his property; or, in the words of the court, whether he received it " in immediate satisfaction of the draft," or only with a view to count it over, reserving to himself, until after the examination and count were completed, the privilege of determining whether he would decline or accept the payment.

The question was one of fact, and having been submitted to the jury under proper instructions, we shall not disturb the judgment, and it is accordingly affirmed; Judge Ryland concurring. Judge Scott dissents.