[ No. 1849.   Decided January 14, 1896.]

JAMES HENRY EDMUNDS, *Appellant,* v. ALFRED L. BLACK, *Respondent.*

PLEADING — AMENDMENT — JUDGMENT ON REVERSAL — EVIDENCE — PAY-MENT.

An objection to the amendment of a complaint on the trial, so as to show recovery of a judgment in the supreme court of another state instead of in the circuit court, is waived by an admission that there is a judgment roll against the party objecting and that it is a proper exemplification of the judgment rendered in the supreme court of

the state, when such admission is made in connection with a de-
mand for opening and closing the case before the jury on other
issues.

Upon reversal of the judgment of the trial court, the appellate
court will not give force to an admission below by respondent in
connection with his demand for the opening and closing of the case
before the jury, for the purpose of directing a judgment in favor of
appellant.

Under the general plea of payment, evidence is admissible show-
ing the delivery of personal property to the creditor, if it is shown to
have been accepted and applied in payment of the demand.

The receipt and application of a bond by a creditor in payment of
his demand is not sufficiently established by testimony of the debtor
that the creditor had written to him acknowledging the receipt of
the bond and stating that "he guessed they were about square."
(GORDON, J., dissents).

Appeal from Superior Court, Whatcom County—
Hon. JOHN R. WINN, Judge.   Reversed.

*Kerr & McCord*, and *J. P. de Mattos*, for appellant.

*Black & Leaming*, and *Fairchild & Rawson*, for re-
spondent.

The opinion of the court was delivered by

HOYT, C. J.—This action was brought upon a judg-
ment stated in the original complaint to have been
rendered in a circuit court of the state of New Jersey.
Defendant denied the existence of the judgment and
alleged:

"That any judgment ever obtained as set out in
said complaint, or any judgment ever obtained by
plaintiff againt this defendant (if such judgment ever
was obtained), had been fully paid and satisfied."

He also alleged certain facts by way of counter-
claim. It appeared from the transcript of the judg-
ment offered in evidence that it was rendered in the
supreme court of the State of New Jersey instead of

the circuit court, and thereupon leave was given to the plaintiff to amend his complaint to correspond with the transcript.

Complaint is made by the respondent of this action by the court, but it was not made to appear that the defendant was in any manner misled or prejudiced by such amendment, and even if respondent was in a situation to take advantage of any error made by the court, his rights were not so affected that he would be · entitled to any relief. Before the case was submitted to the jury, it was stated by the defendant or his counsel that he at this time withdrew his denials, and admitted:

" That there is a judgment roll against us, and that it is a proper exemplification of the judgment rendered against us in the supreme court of New Jersey, and we now demand the opening and closing of the case before the jury."

After this admission had been made there were but two questions to be submitted to the jury; one, as to whether or not the judgment had been paid, and the other as to the counterclaim pleaded by the defendant. Under the latter, the defendant claimed only about $500, and the amount of the judgment was something over $2,000; hence the verdict of the jury finding generally for the defendant could not have been rendered unless it was found that the judgment had been paid. Did the testimony warrant this finding on the part of the jury? The answer of the defendant set up generally the fact that the judgment had been paid, but did not state how it had been paid. The proof tended to show that payment was made, not in money, but by the delivery to the plaintiff on behalf of the defendant, of a certain *chose* in action. Appellant claims that under the general plea of payment,

evidence of payment in money alone was admissible, and there are some authorities which sustain this claim. The respondent contends that under such plea evidence is admissible which shows the delivery of personal property, if it appears that at the time such property was delivered, it was received as payment of the demand. The modern authorities establish the law to be as contended for by the respondent, but in all of them it is held that a general plea of payment cannot be sustained by evidence of the delivery to the claimant of anything other than money unless it clearly appears that it was accepted and applied by the claimant in payment of the demand. Did the evidence in this case warrant the jury in coming to the conclusion that the bond delivered in behalf of the defendant to the plaintiff was so received and applied by him? The only testimony bearing upon that question was that of the respondent to the effect that in a letter the plaintiff had stated that respondent's father had delivered to him the bond; that, with interest, it amounted to some $1,530; and that he guessed they were about square. Did this admission, if made, warrant the jury in finding that plaintiff accepted this bond in payment of the judgment which he held against the respondent? In our opinion, it did not. There was no statement whatever as to the bond having been accepted in payment of the judgment. The only thing which could be inferred from the language used was that he recognized the fact that there was due upon the bond when delivered to him the amount stated, and that, in his opinion, upon an adjustment of the accounts between the respondent and himself, it would be found that they about offset each other, and that he and the respondent in relation to their business affairs were about square.

But these admissions, while they might have been sufficient to have supported a claim for the amount due upon the bond surrendered to plaintiff as an off-set against the judgment, were not sufficient to support a plea that the same had been paid.

It follows that there was no testimony to sustain the verdict of the jury, and that the judgment rendered thereon must be reversed. If we were to hold that the admission of the respondent as to the judgment had been made for any other purpose than that of the trial in which it was made, it might be our duty to direct a judgment in favor of the plaintiff, but we are not satisfied that such admission should have force against the respondent excepting for the purpose of deciding questions involved in the trial in which it was made; hence the order will be that the judgment be reversed and the cause remanded for a new trial.

DUNBAR and ANDERS, JJ., concur.

GORDON, J. (*dissenting*).—In my opinion there was competent evidence tending to support the verdict, and the order denying a new trial should be affirmed.