[No. 1849. Decided June 27, 1896]

JAMES HENRY EDMUNDS, *Appellant*, v. ALFRED L. BLACK, *Respondent.*

PAYMENT — EVIDENCE — APPEAL — WAIVER OF OBJECTIONS.

In an action upon a judgment, defendant's plea of payment is established by evidence that plaintiff had received from defendant's father the plaintiff's own bond for a sum which he stated in a letter to defendant was bigger than the judgment and he thought they were square, as the only logical inference therefrom could be that the bond had been accepted in payment of the judgment. (HOYT, C. J., dissents.)

Error in giving an instruction will not be considered on appeal, when it appears that a number of special exceptions to the instructions were taken, stating the reasons and grounds thereof with particularity, but that the error urged in the appellate court had not been made a ground of exception in the court below.

Appeal from Superior Court, Whatcom County.— Hon. JOHN R. WINN, Judge. Affirmed.

*Kerr & McCord,* and *J. P. de Mattos,* for appellant.

*Black & Leaming,* and *Fairchild & Rawson,* for respondent.

OPINION ON RE-HEARING

SCOTT, J.—This case is before us on a petition for a rehearing. For the prior opinion see 13 Wash. 490 (43 Pac. 330), where we reversed the judgment rendered in the lower court on the ground that there was no proof upon which the jury could have found that the judgment sued on had been paid. Thereafter, being of the opinion that we had misunderstood the record in relation to such testimony, a rehearing was granted, and the cause has been re-argued, and we have come to the conclusion that we were wrong in reversing the cause, believing that there was sufficient evidence to sustain a finding that the judgment had been paid. This testimony is strung out through a number of pages of the record and so mixed up with objections and the argument of counsel that it was not fully understood at the time.

It appears that after obtaining the judgment the plaintiff wrote to defendant, who was then in this state, informing him of it and asking the defendant what he was going to do about it. Whereupon it appears that some further correspondence was had between the parties and that the defendant proposed to turn over certain real estate in satisfaction of it, although he did not fully testify in relation to this matter, owing to an objection interposed by the plaintiff's counsel, which was sustained by the court. Continuing his testimony, the defendant said: "In reply to that letter I got another letter. . . . In that letter Edmunds said he had received from my father this bond of $1,500, the same, with interest, amounting to $1,525 or $1,530, which he stated was bigger than the judgment and he thought we were square."

It appears that this bond was the plaintiff's own

obligation and at the time he received it it amounted
to a few dollars more than the judgment.   In writing
to the defendant about it he said as much and that he
thought they were square.  It seems to us that the
only logical inference to be drawn from this testimony
is that he had accepted the bond in payment of the
judgment.   It would have been a good counter claim
against him if the defendant had held it, but here we
find that the plaintiff's own obligation was turned
over to him by the defendant's father for the defend-
ant and received by the plaintiff, which at the time
slightly exceeded the claim he held against the
defendant, and the clear and legitimate conclusion to
be drawn therefrom is that it could have been
intended and accepted as nothing less than a payment,
and, being more than the judgment, it fully paid it.
Consequently the plaintiff had no right of action, and
the jury were justified in finding for the defendant.

All other questions raised by the appellant were
disposed of contrary to his contentions in the former
opinion, with one exception, and that is over an
instruction given by the court to the jury, wherein
the court in referring to the judgment made use of
the expression, "If you find this judgment is shown
to exist," and it is contended that this was error, as
it submitted the question of the existence of the judg-
ment to the jury, whereas the defendant had expressly
conceded that the judgment against him was estab-
lished by the proofs.  But it appears that the plaintiff
took a number of special exceptions to the instruc-
tions, stating the reasons and grounds thereof with
particularity and none was taken upon this ground,
and, even if we were of the opinion that the plaintiff
was prejudiced by this instruction, under such cir-
cumstances it could not be urged as error.   The court

elsewhere in the instructions, however, substantially assumed that the judgment had been established and that the question of payment was the one for the jury to consider.    Affirmed.

ANDERS, DUNBAR and GORDON, JJ., concur.

HOYT, C. J. (*dissenting*).— The existence of the judgment against the respondent having been conceded it was incumbent upon him to introduce testimony at least tending to show that it had been paid, and since that which he did introduce tended to show that, if paid at all, such payment had not been in money, it was necessary for him to show not only that property of value equal to the judgment had been received by the appellant, but also to show that at the time such property was received, it was taken by the appellant in full payment of the judgment, and in my opinion there was no testimony which tended at all to show that the property, which it was alleged had been received by the appellant, had been taken by him as payment of the judgment.    On the contrary it affirmatively appeared that there had been nothing said or done by or between the parties at the time the property was delivered which tended to show that it had been accepted in payment of the judgment.    I am, therefore, of the opinion that the respondent failed to introduce any evidence tending to show a fact which it was necessary for him to establish to overcome the *prima facie* case against him made by the introduction of the judgment in evidence.