THEODORE T. EDGERTON, PLAINTIFF IN ERROR, *vs.* T. H. WEST AND FRANKIE K. WEST DEFENDANTS IN ERROR.

1. Under a plea of payment evidence may be given of payment in money, or in any other mode agreed upon by the parties, provided it is an executed transaction; and in case of payment in goods and chattels there be delivery by the debtor and acceptance by the creditor so as to pass title and be accepted in discharge of the debt.

2.  Evidence of payment in chattles other than money was of-
    fered under a plea of payment and was ruled out on the ob-
    jection that one of the plaintiffs was a married woman and
    was not bound by payment in any property other than cash
    money; it did not appear from the pleadings in the case, or
    otherwise, that the designated plaintiff was a married wo-
    man: Held that the ruling was erroneous on the objection
    made.

Writ of Error to the Circuit Court for Clay County.

### Statement.

Defendants in error sued plaintiff in error in the Circuit Court of Clay county, the declaration alleging that plaintiffs on the twelfth of March, 1895, loaned to defendant at his request the sum of one hundred dollars, and he promised to repay the same on demand with lawful interest and plaintiffs demanded payment but defendant refused to pay; that on the fifteenth day of March, 1895, plaintiffs loaned defendant at his request the further sum of five hundred dollars which he promised in writing to pay on demand, and plaintiffs demanded payment, but defendant refused to pay; that on the twentieth day of March, 1895, and on divers times between that date and the twenty-eighth day of same month and year, plaintiffs loaned defendant at his request the sum of nine hundred and twenty-five dollars which he promised to repay plaintiffs on demand with lawful interest,, and plaintiffs demanded payment of same, but defendant refused to pay, except the sum of two hundred and twenty-nine dollars; that the said several sums of money so loaned was the separate property of the plaintiff Frankie K. West, and there was due said

plaintiff as her separate property the sum of twelve hundred and ninety-six dollars with lawful interest thereon from date of the several loans.

There were other counts in the declaration, as follows: plaintiffs allege that defendant is indebted to them in the sum of $1,296 for money loaned by plaintiffs to defendant at his request. For like sum of money before that time spent by plaintiff for the defendant at his request. For like sum of money received by defendant for use of plaintiff before that time. For the sum of $1,600 interest on divers sums of money before that time foreborne by plaintiffs to the defendant for divers spaces before then elapsed. And for like sum of money found to be due from defendant to plaintiffs on account stated between them before that time, and plaintiffs claim $3,000 damages.

A part of the cause of action attached to the declaration is as follows:

"$600.00. Green Cove Springs, Fla., March 15th, 1895.

Received from Mr. T. H. West five hundred dollars ($500.00), same being due and payable on demand; value received," and signed by T. T. Edgerton.

There was also an account made out against T. T. Edgerton in favor of Mrs. F. K. West for loans of money on several dates in March, 1895, showing a balance of $1,296 besides interest.

The pleas upon which issues were joined and the case was tried are two in number, as follows: 1. For a plea to the declaration defendant says that before the bringing of the suit he wholly paid and satisfied the said promise in writing.

2. For a second plea in the cause defendant says

that before the bringing of the suit he wholly paid and satisfied to plaintiffs said open account or claim for moneys due by him to plaintiffs.

To maintain the pleas of payment an offer was made to prove by defendant below that he had fully paid the debt sued upon with money, goods, merchandise, rental of tenement, messuage and stable and one horse and wagon bought for and delivered to Frankie K. West. The plaintiffs objected to the offered proof, except the cash or money, on the ground that Frankie K. West was a married woman and not bound by such payments made to her, and the objection was sustained and the proposed proof excluded, to which ruling there was an exception.

The defendant offered to prove by another witness, Thomas J. Laud-Brown, that defendant had fully paid plaintiff in cash and merchandise and by paying debts for her at her request and that she, Frankie K. West, admitted that the account at defendant's store against her might go in payment of the debt sued on, to which offer a similar objection was made by plaintiffs and sustained by the court.

Other matters will be stated in the opinion.

*P. C. Fisher* and *D. U. Fletcher* for Plaintiff in Error.

*H. H. Buchman,* for Defendants in Error.

MABRY J. (*after stating the facts.*)

It appears from the transcript of the record that in addition to the two pleas shown in the statement, defendant, Edgerton, filed a plea to set-off that was ruled out on

demurrer, and that at the trial he asked leave to file an exhibited plea on equitable grounds which was denied by the court. We are of opinion that the court properly sustained the demurrer to the plea of set-off and correctly rejected the plea on equitable grounds for defects in each plea, and that no ground for a reversal of the judgment exists on account of such rulings. The matters sought to be set up in the equitable plea are not properly the subject of such a plea, and our ruling is confined to this point.

Defendant below applied for a continuance of the cause on the ground of an absent witness and this application was denied. We do not determine the correctness of this ruling as the judgment must be reversed on another ground, and it was an incident of the trial that may not happen again.

We are of opinion that the court erred in its ruling on the offered testimony shown by the statement. It appears that the court excluded the offered evidence on the ground that the plaintiff, Frankie K. West, was a married woman and not bound by the alleged payment of the debt sued on in any property other than cash money. There is no sufficient showing in the entire record of the case, from the praecipe to and including the judgment, that plaintiff, Frankie K. West, was a married woman. The only thing that has any tendency to show this fact is the allegation that the several sums of money loaned as alleged in the first count of the declaration were the separate property of plaintiff, Frankie K. West. We can not assume from this allegation in the declaration, in the absence of any other showing, that Frankie K. West was a married woman. The sums alleged in the first count

of the declaration may have been her separate property
and still she may not have been a married woman. The
allegation made of separate property does not of itself
include the further fact that Frankie K. West was a mar-
ried woman, and in view of an entire absence of any
showing of such fact we can not assume it in determin-
ing the correctness of the ruling in excluding the offered
testimony.

It is argued for defendants in error that under the
pleas upon which issues were joined the defendant below
could not show payment in anything but money. The
ruling made would seem to indicate that this view was
entertained by the Circuit Court. We hold that under a
plea of payment, evidence may be given of payment in
money, or in any other mode agreed upon by the parties,
provided it is an executed transaction, and in case of pay-
ment in goods and chattels there be delivery by the debtor
and an acceptance by the creditor so as to pass title to the
property and be accepted in discharge of the debt. In the
case of Salomon v. Pioneer Co-operative Co., 21 Fla. 374,
there was a declaration in common counts on an open
account, and it was held a good defence in a plea to al-
lege that before action brought defendant had discharged
and satisfied plaintiff's claim by giving a draft for the
full amount on a third party and which was accepted by
plaintiff in full payment and satisfaction of the claim. It
was decided in this case that the intention of the parties
as to whether the draft was given and accepted in pay-
ment was a controlling element in the issue, and a ques-
tion of fact for the jury. The rule we have stated above
in cases where goods or chattels are by agreement of the
parties actually delivered and accepted in satisfaction

and payment of a debt is within the principle announced in the case cited and amply sustained by other authorities.   Bush v. Sproat, 43 Ark. 416; Thompson v. Kellogg 23 Mo. 281; Edmunds v. Black, 13 Wash. 490, 43 Pac. Rep. 330; Farmers' and Citizens' Bank v. Sherman, 33 N. Y. 69; Steiner v. Erie Dime Savings & Loan Co., 98 Pa. St. 591; Dodge v. Swazey, 35 Me. 535; Whittington v. Roberts, 4 Monroe 173; Thorne v. Smith, 2 Eng. L .& E. Rep. 301. We think testimony tending to prove that defendant, Edgerton, fully paid plaintiff, Frankie K. West, not only in cash but merchandise, and by paying debts for her at her request, and that she admitted, or consented, that an account at defendant's store might go in payment of the debt sued on, should have been permitted under the plea of payment, and that it was error to exclude it. Payment to her would of course discharge the demands in the first count of the declaration as being her separate property, and it may be that payment to her would likewise discharge joint demands due her and her co-plaintiff alleged in other counts.   As stated above we do not assume in the conclusion reached by us that Frankie K. West was a married woman and do not now decide whether any different result would follow if the fact of her coverture appeared.

The judgment will be reversed, and it is so ordered.