GREEN CLAY, Appellant, v. J. C. LAKENAN et al., Respondents.

St. Louis Court of Appeals, April 14, 1903.

**Loan Brokers:** SERVICES FOR PROCURING LOAN: COMMISSIONS: PAYMENT OF LOAN, WHAT CONSTITUTES. Plaintiff engaged defendants to procure for him a loan of $20,000 on certain property, agreeing that he would compensate them therefor on the first day of July in each of the years 1899 and 1900 by a certain sum, and on the first day of each succeeding July so long as his note should remain unpaid or any part thereof. Thereafter plaintiff, dealing directly with the mortgagee, procured an additional loan of $5,000. Afterwards the two notes for $20,000 and $5,000, with the deeds of trust securing them, were surrendered, and marked "Paid," and a new note for $25,000, secured by deed of trust on the same property, executed in place thereof. *Held,* not to constitute a payment of the $20,000 note, so as to release plaintiff from the further payment of commissions.

Appeal from Audrain Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*John D. Orear* and *W. W. Fry* for appellant.

(1) "When a party gives his own note for his own debt, and it is expressly stipulated between the holder of the note and the payer that it is to be in satisfaction of the debt, it is an accord and satisfaction of the original cause of action; but in the absence of an express agreement to that effect it is not, and if not paid, an action may be maintained on the account or demand upon the surrender of the note." Holland v. Rougey, 168 Mo. 16. This has been the law in this State since Steamboat v. Hammond, 9 Mo. 59; Morrison v. Steamboat, 40 Mo. 262; Doebling v. Loos, 45 Mo. 150; Leabo v. Goode, 67 Mo. 126; Howard v. Jones, 33 Mo. 583; Wear v. Lee, 105 Mo. 105; Selby v. McCullum, 26 Mo. App. 72.    (2) It was a question of intention and agreement between the plaintiff and the company whether the $20,000 note was surrendered and cancelled as satisfied and paid. On this issue there was a vast amount of parol evidence. Therefore, it was an issue for the jury and the court erred in not submitting it to the jury. It was a question of fact.    Beach on Modern Law of Contracts, sec. 378; Powell v. Charless, 34 Mo. 485; Moore v. Lackland, 52 Mo. 323.

*George Robertson* for respondents.

The taking up of the twenty-thousand dollar note and the five-thousand-dollar note, with the twenty-five thousand dollar note, was not a payment of the twenty-thousand-dollar note. It was simply a substitution of the latter for the two former. Jones on Mortgages, secs. 930-935; 22 Am. and Eng. Ency. of Law (2 Ed.), 538-542; Steamboat v. Hammond, 9 Mo. 59; Howard v. Jones, 33 Mo. 583; Johnson v. Scott, 54 Mo. 129.

REYBURN, J.—On April 8, 1898, appellant submitted an application to respondents, at Mexico, Missouri, for a loan of $20,000 for five years at rate of six

per cent per annum, to be secured by a deed of trust on realty in Audrain county; by the terms of this application respondents were to pay the expenses incident to the loan, and the provisions for their compensation was thus made: "If said agents shall be able to procure said loan on April 24, 1898, I hereby agree to pay a commission of . . . the annual difference between the rate at which the loan is obtained from loaner and six per cent per annum; it being agreed to pay as commission the annual difference above only for the number of years this loan runs—five years or less and no longer—in case of loan being reduced after two years the annuity or commission to cease on such part as is paid," and on the back of the application was indorsed the following: "This contract is duly modified so as to bind said Clay to pay the extra interest or difference between rate of loan and six per cent only on such part of its principal as shall remain unpaid in case a portion is paid off." Pursuant to the terms of this application, respondents procured a loan of the sum named from the Northwestern Mutual Life Insurance Company of Milwaukee, and plaintiff executed and delivered to the insurance company a note for $20,000, and a deed of trust securing same, both of date of May 16, 1898; the debtor being accorded the right, after two years, on any interest day, of paying on account of the principal, $500 or multiples thereof. Thereafter, July 1, 1899, the plaintiff himself, dealing with the insurance company directly, borrowed the additional sum of $5,000 from it for a fixed period of five years, secured by a second deed of trust on the same property. On the 17th day of May, 1901, plaintiff agreed with the insurance company, the mortgage creditor, to merge the two loans, and the existing notes respectively for $20,000 and $5,000 and the deeds of trust securing them were surrendered by the insurance company and stamped "Paid: Northwestern Mutual Life Insurance Company. Cancelled May 17, 1901," and deeds of release

of date May 8, 1901, acknowledging satisfaction and payment of the promissory notes mentioned in these two deeds of trust, were duly executed and delivered by the Northwestern Mutual Life Insurance Company and a new note for the sum of $25,000, of date January 1, 1901, executed by plaintiff to the insurance company, together with a deed of trust of the same date conveying the same property recorded April 6, 1901. In payment of their commissions for negotiating the original loan of $20,000, plaintiff executed and delivered to defendant an obligation in the following form: "Mexico, Mo., May 16, 1898. On the first day of July, in each of the years 1899 and 1900, for value received, I promise to pay to the order of Lakenan & Barnes, $182.50 and on the first day of each succeeding July, so long as my note of even date herewith, for the sum of $20,000 in favor of the Northwestern Mutual Life Insurance Company, or any part thereof remains unpaid, I promise to pay to said Lakenan & Barnes a sum equal to 9125-10000 of one per cent per annum on the unpaid part of said note since last July interest pay day, the usual annual payment to bear interest, after maturity, at the rate of eight per cent per annum, negotiable and payable without defalcation or discount. (Signed) Green Clay." Upon the back of this note appeared the following credits: "August 12, 1899, by dues to May 16, 1899, $182.50; September 29, 1900, by check, $182.50."

Upon the state of facts above outlined, this action was instituted in the circuit court of Audrain county, being in replevin for the instrument above described given in payment of commissions, the petition in substance alleging that plaintiff, on the first of January, 1901, had fully paid the note of $20,000 given to the Northwestern Mutual Life Insurance Company, and also paid in full and discharged the note given to defendants, the subject of the suit, the value of which was assigned as $182.50, and that he was entitled to its possession. The defendant's answer contained a general

denial, and after reciting the application for the loan, alleged its procurement by defendants and the execution and delivery to them of the contract described in plaintiff's petition. Defendants further averred that on May 17, 1901, plaintiff, with the consent of the mortgagee, consolidated the existing loans of $20,000 and $5,000 into a loan of $25,000 for five years, and executed a deed of trust upon the same lands in Audrain county; that the said $25,000 note was given in lieu of the two former notes and no money was paid the insurance company for the purpose of paying such notes. That such notes have not been paid nor was the $25,000 note accepted as payment thereof, but the $20,000 loan procured by defendants formed a part of the $25,000 note and continued unpaid, and so long as it so remained plaintiff's contract with defendants was in force, and he owed defendants annually the sum of $182.50, of which yearly installments, two then had become due and were unpaid for July 1, 1901 and 1902. Plaintiff filed a general denial as a reply, the cause proceeded to trial before a jury, and at the close of the testimony on behalf of plaintiff, the court sustained a demurrer to the evidence and instructed the jury to return a verdict for defendants.

From the preceding statement of the pleadings and the proof introduced, it will be seen that the only question presented is, whether the loan of twenty thousand dollars, effected by defendants for plaintiff, had been extinguished so as to terminate any further obligation on the contract for commissions, which by its terms was to endure unconditionally for two years and to continue in force thereafter so long as the sum of $20,000 or any part remained unpaid to the mortgagee. The contention of plaintiff is that the original loan was paid and satisfied from the proceeds of the loan of $25,000, and it is immaterial and of no consequence, that the source from which the means of such payment was derived was the holder of the subsisting mortgage debt; that the effect

was in all respects the same as if the funds for liquidation had been secured from a new mortgagee. The term or expression, "payment," is now applied in a dual sense: in the restricted or common use, it signifies a discharge in money of a sum due, and in such sense would not embrace a satisfaction of an indebtedness otherwise than by the transfer of money from the payor to the payee. But in a broader and more general sense, it is defined to be the performance of an agreement, or the fulfillment of a promise or obligation, whether it consists in giving or doing, and in the latter application would include the discharge of a contract or obligation in money or its equivalent by the assent of the parties. 1 Beach Modern Law of Contracts, chap. 10, sec. 361.

It will be remarked as worthy of attention that the application submitted by plaintiff and introduced in evidence by him, provides for the payment of the annual installment of commission for the number of years, not exceeding five, the loan shall run, with the further provision for a proportionate reduction in the commission in the ratio the principal of the loan might be reduced by prepayment. The subject of the contract between the plaintiff and defendants was the securing for the accommodation of plaintiff of the sum of money on mortgage security, and their compensation was contingent and depended in part upon the period of time he might find it advantageous or convenient to use the funds borrowed.

The note for $20,000, with the deed of trust protecting it, were but the evidences of the mortgage obligation, and the change in the form of the indebtedness did not discharge or liquidate it. The original sum of twenty thousand dollars entered into and formed an integral part of the subsequent note for $25,000, and the latter transactions between the plaintiff and his creditor, the insurance company, did not constitute payment, for the purpose of this action, of the loan obtained by plaintiff through defendants. The consideration to him

for their service continued in the prolonged use by him of the sum originally procured for his convenience, and likewise, and as a necessary consequence, the right of defendants to their annual installment of compensation continued in full force. The judgment for defendants will therefore be affirmed. *Bland, P. J.,* and *Goode, J.,* concur.