### No. 2817.

### PHILLIPS v. GOOCH et al

#### SYLLABUS BY THE COURT

Under a general plea of payment, evidence of a payment in property other than money is admissible.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by B. T. Phillips against Horace Gooch and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded, with directions.

Thos. J. Mabry, of Albuquerque, for appellant.

F. O. Westerfield, of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, C. J.   The appellees brought an action to recover the amount due for goods sold and delivered to the appellant. The appellant filed an amended answer to the complaint, alleging that he had fully paid for the said goods, and that there was nothing due the appellees. At the trial appellant sought to prove, under his plea of payment, that he had paid a portion of the amount due in cash, and the remaining portion of the purchase price with items of merchandise which were accepted by the appellees in full satisfaction of such remainder. This offer to show payment by the delivery and acceptance of the merchandise was refused by the court, and judgment was awarded against the appellant, from which this appeal is taken.

The court took the narrow view that a plea of payment authorizes proof of payment in money only, and there is authority to that effect. But the more modern and better doctrine is that the plea of payment authorizes proof of payment either in money or in any other manner agreed to by the parties. Thus, in 16 Encyc. Pl. & Pr. 207, is said:

"The weight of modern authority does not confine the evidence under the plea of payment to money payments alone, the general rule seeming to favor the reception of evidence of anything tendered by the obligor and received by the obligee in satisfaction and discharge of the debt."

Many cases are cited under this text, most of which we have examined and find that they support the statement there made. In 1 Suth. Code Pleading, 529, it is said:

Phillips v. Gooch et al., 28 N. M. 448

"In pleading payment, it is not necessary that the answer should describe the particulars of the transaction relied on as constituting payment. Under the averment that the demand has been paid, it is competent to prove how it has been paid, whether in cash or otherwise."

See, also, to this effect, Bank v. Sherman, 33 N. Y. 69; McGlaughlon v. Webster, 141 N. Y. 76, 35 N. E. 1081; Whitman v. Foley, 125 N. Y. 651, 26 N. E. 725; Swett v. Southworth, 125 Mass. 417; Edmunds v. Black, 13 Wash. 490, 43 Pac. 330; 2 Abbott's Forms of Pleading, § 1878; Columbia Digger Co. v. Rector (D. C.) 215 Fed. 618; Uvalde Asphalt P. Co. v. National Trading Co., 135 App. Div. 391, 120 N. Y. Supp. 11, 15; Rio Grande S. R. Co. v. Colorado F. & I. Co., 41 Colo 3, 91 Pac. 1114.

Counsel for appellees has cited several cases to the effect that payment in property other than money, and acceptance thereof, is really an accord and satisfaction, and was a payment. It is true that payment in property by agreement between the parties resembles accord and satisfaction, and this fact is what has led to the divergence of opinion in the cases. But we see no reason to give the word "payment" anything but its ordinary meaning, which is the equivalent of satisfaction of a demand, and this definition of the word is borne out by the trend of modern authority. See Clay v. Lakenan, 101 Mo. App. 563, 74 S. W. 391; Blair v. Harris, 75 Mich. 167, 42 N. W. 790; Weir v. Hudnut, 115 Ind. 525, 18 N. E. 24

During the trial, when the offer of the proof was made by the appellant, counsel for appellees stated that he would be surprised by such a showing, for the reason that he was assuming that the plea would permit of the showing of payment in money only. His remedy when the plea came in was to move for a bill of particulars, if his clients were at all doubtful as to how the appellant claimed payment to have been made.

It follows from all of the foregoing that there was error in the judgment, and that it should be reversed, and the cause remanded, with directions to award a new trial, and it is so ordered.

BRATTON and BOTTS, JJ., concur.