H. H. HANENKRATT, Respondent, v. T. H. BROUGHAM, Appellant.

Kansas City Court of Appeals, May 27, 1912.

PLEADING: Performance: Acceptance: Evidence. Where a contract for work in grading is performed under the direction and supervision of the party having the work done, and as directed, and it is accepted by him, this is evidence of performance and not a waiver and a judgment under such evidence is supported by a petition alleging performance of the contract.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Bruce Barnett* for appellant.

(1) Inasmuch as there was a confessed failure fully to perform the contract, plaintiff was not entitled to recover in this action in which the petition does not declare upon *quantum meruit* and does not plead any waiver of full performance, but declares upon the written contract, sets forth and pleads the same with particularity, and pleads full performance thereof. The decisions in this state are uniform that a plaintiff cannot plead performance of a contract and rely upon a waiver in any case except a suit upon an insurance policy. Thompson v. St. Charles County, 227 Mo. 220. (2) Likewise it is well established and the decisions of this state are uniform to the effect that recovery cannot be had upon *quantum meruit,* under a petition alleging full performance of the contract. Reifschneider v. Beck, 148 Mo. App. 725; Davis v. Drew, 132 Mo. App. 503; Cole v. Armour, 154 Mo. 333.

*Bowersock, Hall & Hook* for respondent.

(1) The contract did not obligate plaintiff to bring all streets to grade. Const. Co. v. Hayes, 191 Mo. 248; Davis & Rankin v. Hendrix, 59 Mo. App. 444; Williams v. Railroad, 153 Mo. 487; Tetley v. McElmurry, 201 Mo. 382. (2) The contract was fully performed by the plaintiff. (3) Even if not fully performed according to its terms, the work was accepted as a performance and plaintiff is entitled to recover under the contract. Aarnes v. Windham, 34 So. (Ala.) 816; Laycock v. Moon, 72 N. W. (Wis.) 372; Laycock v. Parker, 79 N. W. (Wis.) 372; Colby v. Franklin, 15 Wis. 311; Howard v. Oshkosh, 37 Wis. 242; Smith v.

Alker, 102 N. Y. 87; Wilkins v. Wilkerson, 41 S. W. (Tex.) 178.

ELLISON, J.—Plaintiff's action is based on a written contract for grading certain streets in Kansas City. He recovered judgment in the circuit court.

It appears that the contract was with defendant and another, the latter to pay for three-fourths of the work and defendant one-fourth. The petition alleges performance of the contract on plaintiff's part and defendant claims that the evidence shows non-performance and a waiver of performance, and that one "cannot plead performance of a contract and rely upon a waiver in any case except upon an insurance policy." [Thompson v. St. Charles County, 227 Mo. 220.]

That is a correct statement of the law as announced in this state. But plaintiff does not rely upon a waiver. Under the terms of the contract the grading was to be done by excavating at certain places and filling at others. There was evidence tending to show that the work was done under the supervision of defendant or his cocontractor and as directed; and that it was so done and was accepted and partly paid for. We think this is ample evidence of performance; indeed it is well nigh conclusive, notwithstanding excerpts from the testimony presented to us in defendant's brief.

This case was tried by the court without the aid of a jury and no declarations of law were given. Hence, if there is any evidence tending to support the judgment, on any theory of the case as presented, it must be affirmed. [Wischmeyer v. Richardson, 153 Mo. 556; Peoples' Nat. Bank v. Central Trust Co., 179 Mo. 648.] Under this familiar rule of law, we must affirm the judgment. All concur.