# Erbeck, Appellant, v. Meadville & Conneaut Lake Traction Co.

*Contract—Construction contract—Street railway—Acceptance of work by engineer—Evidence.*

In an action to recover for work and materials furnished in the construction of a railway, it appeared that the contract provided that the contractors should be entitled to payment in full ten days after the work was completed, provided that the work should be accepted by the railway company's engineer "and that he would certify thereto in writing." The statement of plaintiff's claim, though not demurred to, contained no averment that the work done had been accepted by the engineer, or that any certificate from him had ever been requested, or that this portion of the contract had been waived. The plaintiff offered in evidence a paper furnished at the request of plaintiff by the president of the defendant, which as explained by the letter accompanying it was a "list of moneys paid out for you, and to you on your contract," with this statement following: "It is my intention to re-check the entire matter so as to make sure that all of the figures are correct." The purpose of the offer as stated was to show an esti-. mate by defendant's engineer in favor of plaintiff amounting to a sum stated. There was no offer to follow up the paper by evidence supplementing it in any way; and there was nothing in the paper itself, or in the letters transmitting it which would warrant an inference that the construction of the road had been completed under the contract, or that it had been accepted by the engineer in charge. *Held,* (1) that the paper offered in evidence was properly rejected and (2) that a nonsuit was properly entered.

Argued April 23, 1912. Appeal, No. 118, Jan. T., 1912, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1908, No. 23, for defendant, in case of Frank J. Erbeck v. The Meadville and Conneaut Lake Traction Company. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.

Assumpsit on a construction contract. Before PRATHER, P. J., in case trial by the court without a jury under the Act of April 22, 1874.

The opinion of the Supreme Court states the case.

Exceptions to the findings of court for defendant were dismissed.   The plaintiff appealed.

*Errors assigned,* among others, were (22) confirming defendant's request for a compulsory nonsuit at the conclusion of plaintiff's case, (24) ruling on offer as set forth in opinion of Supreme Court.

*John S. Ferguson,* with him *John O. McClintock* and *Ralph C. Davis,* for appellant.

*G. K. Wright,* with him *McKee, Mitchell & Alter* and *George F. Davenport,* for appellee.

Opinion by Mr. Justice Stewart, July 2, 1912:

A compulsory nonsuit in this case followed logically and inevitably upon the rejection of paintiff's offer of a certain paper to show compliance on his part with the terms of the written contract on which his action was based, and thereby to establish his right of action. The suit was for the recovery for work and labor done and materials furnished in the contruction of a railway under a written contract which provided, among other things, that "in ten days after the work shall have been finished and completed the contractor shall be entitled to be paid in full, including the balance due on the aggregate of all amounts reserved, provided said work shall be accepted by said engineer, and he shall certify thereto in writing."   The engineer here referred to was the engineer of the defendant company under whose supervision, by the terms of the contract, the road was to be constructed.   The declaration in the case contained no averment that the work done by the plaintiff had been accepted by the engineer, or that any certificate from him had ever been requested, or that this provision of the contract had been waived. The defendant's promise to pay was conditioned on an

acceptance of the work by the engineer certified in writing. Except as the declaration averred such acceptance, or a waiver, or other facts sufficient in law to dispense with this particular requirement of the contract, it disclosed no cause of action. It was not demurred to, however, and on the trial plaintiff offered a paper furnished at the request of plaintiff by the president of the defendant company, which, as explained by the letter accompanying, was a "list of moneys paid out for you (the plaintiff) and to you on your contract," with this statement following: "It is my intention to recheck the entire matter so as to make sure that all figures are correct." The purpose of the offer as stated was to show "an estimate by defendant's engineer in favor of the plaintiff amounting to $160,-305.51 rendered in pursuance of plaintiff's final estimate furnished to plaintiff in pursuance to his request as such estimate." It was objected to for the reason, "that the so-called estimate does not purport to be in accordance with the provision of the contract which is in this language, 'Provided said work shall be accepted by said engineer, and he shall certify thereto in writing.' " The objection was sustained and the evidence excluded. It was not proposed in the offer to follow it up by evidence supplementing it in any way; we have therefore the ruling of the court on the naked offer as it stood to consider. In the first place, the paper does not purport to be an estimate made by the engineer, but one furnished by the president of the company, from what data does not appear. In the second place, it does not purport to be a final estimate. And again, nothing in the paper itself, or in the letters transmitting it would warrant an inference that the construction of the road had been completed under the contract, or that it had been accepted by the engineer in charge. If the purpose of the offer was to derive from this evidence an inference that the road had been in fact accepted by the engineer, and that show-

ing a certificate in writing from him was therefore unessential, or that the company had substituted its own acceptance for that of the engineer, it should have been so stated. The court ruled on the offer as it was made, and correctly because of the manifest want of correspondence between the paper and the offer. But even allowing a wider purpose in the offer than that stated, and assuming that it was intended to derive therefrom the inference above suggested, neither the paper itself nor the correspondence in connection therewith would support any such finding. Together they do not tend to show a completion of the road pursuant to the terms of the contract, any acceptance of it by the company as a completed construction, or any abandonment or relinquishment on its part of the requirement as to the certificate of the engineer in writing. The paper itself would be competent as an admission by the defendant of the amount of work done and material provided by plaintiff, and the moneys paid him; but before it could have been introduced for such purpose the way must have been prepared by evidence showing compliance by the plaintiff with the terms of the contract, or a waiver by defendant of the omitted requirements. We see no error in the ruling of the court excluding the offer, and this assignment is overruled. Since the rejection of the evidence left the plaintiff without right of action, the other assignments need not be considered.

The judgment is affirmed.