## Clement *v.* Didier-March Company, Appellant.

*Contracts—Building . contracts—Construction — Acceptance of work—Substantial performance—Charge to jury.*

1. A provision in a building contract that "the work shall be understood to be accepted when the engineer shall certify...... that the said work in all its parts has been completed," does .not make the final certificate of the engineer a condition precedent to a contractor's right to payment if the work has been accepted or if the contractor has substantially performed his contract.

2. In an action upon a building contract, an averment of performance may be sustained by evidence of facts which are in effect its equivalent, or which have been expressly or impliedly agreed upon as tantamount.

3. In an action of foreign attachment to recover a balance alleged to be due for construction work under a contract which provided that the materials should be furnished by defendant, that the work should be done under the supervision of defendant's engineer, and should be understood to be accepted when the engineer should certify that it has been completed, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that the engineer had not given his certificate, and that there were faults in the work, which plaintiff alleged were caused by the defective materials furnished by defendant, but which defendant alleged were caused by faulty construction, and there was evidence that defendant had been afforded full opportunity to inspect the work as it progressed, and had subsequently accepted it as satisfactory, and that plaintiff had substantially performed his contract.

Argued March 9, 1914. Appeal, No. 339, Jan. T., 1913, by defendant, from judgment of C. P. Northampton Co., Nov. T., 1912, No. 67, on verdict for plaintiff in case of Frank H. Clement v. Didier-March Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Foreign attachment in assumpsit. Before SCOTT, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,843.26, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and various instructions to the jury.

*F. C. McLaughlin,* with him *R. S. Taylor,* for appellant.

*Lester B. Johnson,* with him *J. Davis Brodhead,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, March 30, 1914:

In 1910 the defendant corporation erected a large by-product coke plant; in the course of this work a contract was let to the plaintiff to build a pipe-line sewer over 10,000 feet in length, to carry discharged water from the plant to a nearby river; the sewer was laid in a trench and was constructed of terra cotta in sections of from two and one-half to three feet long, each section having one end in the form of a hub or bell, into which fitted the straight end of the connecting pipe, and the joints were to be filled with cement mortar; all materials were furnished by the defendant, and the plaintiff did the work pursuant to the terms of a written contract and certain plans and specifications, under the direction of the defendant's engineer; the contract included, in addition to the sewer pipe line, the construction of an electric conduit and water line, all for $30,500; the conduit was abandoned under a mutual arrangement, with an allowance on that account, and there was no controversy over the water line; extra work was performed and charged for by the plaintiff; ninety per cent. was paid to the plaintiff on monthly estimates made by the engineer of the defendant; the suit at bar was to recover in assumpsit for the retained ten per cent.; the verdict favored the plaintiff, and the defendant has appealed from a judgment thereon.

The contract provided that the plaintiff's work should be "first class in every respect for the purpose intended," that "ninety per cent. of the value of the work performed by the contractor and accepted by the company" should be paid in monthly instalments, and the balance upon "final completion and acceptance," that "the work shall be understood to be accepted when the engineer shall certify in writing to the contractor that the said work in all its parts has been completed," that "the word engineer" meant the chief engineer of the defendant company, under whose direction and control the work was to

be carried on, and who had power to appoint others to act as substitutes for him, that the plaintiff should afford the engineer proper facilities for "inspection of the work at all times during its progress until completion," and that "the responsibility of the contractor (the plaintiff) for the said sewer pipe shall cease with the inspection and approval of the same."

The defendant company claimed that after the sewer pipe was completed it leaked at several points, due to bad workmanship of the plaintiff; but the latter, while admitting the defective condition of the pipe line, contended that it resulted from the defendant's faulty engineering. The trial judge told the jury, that if they found the plaintiff had performed his work in accordance with instructions from the defendant's engineer and that after inspection it had been accepted, the defendant company could not subsequently complain about its quality; but he left it for the jury to decide whether in point of fact the work had been so performed and accepted, telling them that if they believed from all the evidence in the case that it had, then such acceptance was sufficient to support the plaintiff's averment of complete performance, and entitled him to recover; adding the further instruction, however, that if they found the work had not been accepted by the defendant, then it was necessary for the plaintiff specifically to prove substantial performance. The appellant contends that these instructions and the court's attitude during the trial, as indicated by the rulings on the evidence, show an erroneous construction of the written contract, further, that the evidence was not competent or sufficient to prove inspection and acceptance of the work by the defendant, and that, even if it was, under the pleadings, the jury should have been told that actual substantial performance had to be first shown before the plaintiff could recover, and that the proofs were not sufficient to establish that fact.

After reading the evidence and considering the ap-

pellant's arguments, we are not convinced of error in the trial or in the verdict. To begin with, it is apparent from the testimony that the leaks in the pipe line were, in all probability, due to faulty engineering on the defendant's part and not to defective workmanship. Next, the proofs were sufficient to sustain a finding that the defendant had been afforded full opportunity to inspect the work as it progressed and had subsequently accepted it as satisfactory. Finally, an examination of the pleadings shows that the statement of claim not only averred completion of the work but that the sewer-line had been "inspected, approved and used by the defendant company," and in a reply filed to a counter-claim set up in the affidavit of defense, the plaintiff averred that the defendant had "accepted and used said sewer line"; hence, the latter was not without notice that the plaintiff took the position that the work had been "inspected and accepted," and that this was evidence of performance and completion so far as the other party to the agreement was concerned. Moreover, under some circumstances, an averment of performance may be sustained by evidence of facts which in effect are its equivalent (Hunn v. Pennsylvania Institute for Instruction of Blind, 221 Pa. 403), likewise performance may be shown by proof of facts which have been expressly or impliedly agreed upon as tantamount thereto, as for example, in the present case, by the evidence of inspection, approval and acceptance. But, in addition to this proof there was other evidence which was ample, if believed by the jury (as the verdict shows it was), to prove substantial performance of all the work the plaintiff had to do, under the inspection and control of defendant's engineer or his representative.

When the contract is read, it will be noticed that a final certificate from the engineer is not required; the provision upon the point simply states that "the work shall be understood to be accepted when the engineer shall certify......;" and the trial judge took the right

view when he instructed, "Now you will observe that
there is no expression in this paragraph of the agreement
that makes absence of such an agreement conclusive, nor
does it limit the question of acceptance upon the part
of the company to such certificate, and, therefore, the
plaintiff is not bound by the fact that he has not suc-
ceeded in proving the certificate of the engineer......,
this does not conclude the plaintiff from showing other-
wise that the defendant had accepted his work......; as
the plaintiff's right to recover depends upon acts and
declarations......as well as some written evidence, the
matter must be referred to you, to determine whether
there was inspection and acceptance." Since all of ap-
pellant's contentions rest upon the premise that the
court below erred in its interpretation of the contract,
with that point determined against the defendant, there
is not much left in its case; for when it is decided that
the trial judge was right in his construction of the con-
tract, all his rulings on the evidence and instructions on
the law are justified. There are some minor instruc-
tions called to our attention by certain specifications of
error, which, while they may properly be criticized, in all
probability, did no harm, and do not merit discussion;
particularly is this so, when we consider that the trial
judge at the end of his instructions asked, "Have counsel
anything else to suggest," and nothing was said by the
appellant's attorney.

None of the authorities cited by either side rules the
present case; in Erbeck v. Traction Co., 237 Pa. 121,
chiefly relied upon by the appellant, the relevant pro-
visions of the contract were quite different from those
at bar; and since we concur in the view that the present
contract required no final certificate, the numerous au-
thorities upon the point as to what will constitute a
waiver of such a requirement need not be referred to.
We conclude that the evidence did not present a depart-
ure from the pleadings, that the proofs were sufficient to
sustain the verdict, and that the trial judge's construc-

tion of the contract was a correct one and his instructions free from harmful error.

It is not necessary to pass upon each of the forty assignments of error; a number of them complain of rulings on the evidence to which no exception was taken at the trial, and these are dismissed; none of the others shows reversible error, and they are overruled.

The judgment is affirmed.